FILED
AUG 17 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Carmon Elliott,             :
                            :
        Petitioner,         :
                            :
v.                          :   Civil Action No.
                            :
Eric Holder, U.S. Attorney General,  :
                            :
        Respondent.         :

## MEMORANDUM OPINION

Petitioner has filed an application to proceed *in forma pauperis* and a *pro se* petition for a writ of mandamus. The Court will grant the application and dismiss the petition for mandamus for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The petitioner seeks to have this court issue a writ of mandamus compelling the Attorney General of the United States to appoint a special prosecutor with "wide latitude and political independence," Petition at 6, to prosecute torture crimes. Plaintiff is particularly concerned that the scope of the investigation and prosecution encompass former White House officials. *Id.* at 7.

Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but

require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted).

The petition does not, and on these facts cannot, establish either that the petitioner has a clear right to the relief requested or that the respondent has a clear duty to perform a ministerial, clearly defined, and peremptory act. It is beyond serious debate that the police power of the state — which is vested in the executive branch to determine when and whether to initiate an investigation into law violations, and when and whether to prosecute law violations — is a discretionary function. "Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law . . . ." *Gray v. Bell*, 712 F.2d 490, 513 (D.C. Cir. 1983). This well-settled rule is one of long-standing. *See The Confiscation Cases*, 74 U.S. 454, 456 (1868); *United States v. Nixon*, 418 U.S. 683, 693 (1974). "The federal courts have customarily refused to order prosecution of particular individuals at the instance of private persons." *Nader v. Saxbe*, 497 F.2d 676, 679 n.18 (D.C. Cir. 1974) (collecting and discussing cases). Because the petitioner seeks mandamus relief, but cannot show that he is entitled to it, on its authority under 28 U.S.C. § 1915(e)(2)(B)(ii), the court will dismiss the petition for failure to state a claim upon which mandamus relief may be granted against this respondent.

A separate order accompanies this memorandum opinion.

Date: August 7, 2009

/s/ _____
United States District Judge